UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Claudia Jerusely Rodriguez Fuentes,<br><br>              Petitioner<br><br>v.<br><br>Itzhak Henn, et al.,<br><br>              Respondents | Case No. 2:25-cv-00846-CDS-DJA<br><br>**Order Denying the Respondents' Motion to Extend Time and Motion to Dismiss, and Granting in Part the Petitioner's Writ of Habeas Corpus**<br><br>[ECF Nos. 11, 22, 27] |

      On July 8, 2025, petitioner Claudia Rodriguez Fuentes filed an amended petition for writ of habeas corpus. Am. pet., ECF No. 11. Therein, Rodriguez Fuentes requests a writ ordering the respondents to immediately release her, declaring that ICE's detention violates her Fifth Amendment due process rights, and granting other related relief. *See id.* In turn, the respondents[1] filed a motion to dismiss. *See* Mot. to dismiss, ECF No. 22. The court held a hearing on the petition and motion to dismiss on December 10, 2025. Mins. of proc., ECF No. 26. During the hearing, I made factual findings which are incorporated in this order.

      At the conclusion of the hearing, I requested the parties to file supplemental briefing. *Id.* The respondents' supplemental briefing was due by December 24, 2025, but the respondents failed to file supplemental briefing by this deadline. Having received an untimely motion for extension of time to file the supplemental briefing, I deny the motion for extension of time (ECF No. 27). For the reasons set forth in this order, I deny the respondents' motion to dismiss, and grant in part the amended petition for writ of habeas corpus.

---

[1] The named respondents are Reggie Rader, the Chief of Henderson Police; Itzhak Henn, Interim Chief of Police; Michael Bernacke, Field Office Director of the Salt Lake Field Office, Immigration and Custom's Enforcement; Kristi Noem, in her official capacity as the Secretary of the U.S. Department of Homeland Security.

I. Background

Rodriguez Fuentes is a citizen of Mexico (ECF No. 11 at ¶¶ 49, 52) who has been in immigration detention since April 20, 2025. *Id.* at ¶ 52. Around 1987, Rodriguez Fuentes entered the country with her family when she was two years old. ECF No. 11 at ¶ 44. She was issued a voluntary departure on June 21, 2000. *Id.* A motion to reopen was filed on her behalf, it was denied, which turned the voluntary departure into a removal order. *Id.*

Around 2002, the petitioner was in an abusive relationship, pregnant, and caring for her child. ECF No. 11 at ¶¶ 45–46. After reporting this abuse to the police and cooperating with their investigation, her abuser was deported. *Id.* at ¶ 46. In July 2010, DHS executed the petitioner's removal order and removed her to Mexico without a hearing. *Id.* at ¶ 49. As alleged in the amended petition, she was separated from her children who remained in the United States. *Id.* In December 2010, the petitioner presented false documents at the border and was admitted to the U.S. *Id.* at ¶ 50. She then filed forms I-918 (a petition for U nonimmigrant status), and I-192 (an application for advance permission to enter as a nonimmigrant based on her victimization). *Id.* On April 20, 2017, her application was approved. *Id.*

On April 12, 2021, she filed for adjustment of status. *Id.* at ¶ 51. Her U Nonimmigrant status was automatically extended, and it remained valid through final adjudication of her application. *Id.* at ¶ 4. Rodriguez Fuentes asserts that on July 13, 2023, her application was "erroneously" denied, and she requested USCIS to reopen her proceedings because her Request for Evidence (FRE) response was submitted on time. ECF No. 11 at ¶ 51. On August 3, 2023, USCIS allegedly changed her status to actively being reviewed. *Id.* The petitioner alleges that this status has not changed since then, despite submitting several inquiries to USCIS. *Id.*[2]

On April 19, 2025, Rodriguez Fuentes was arrested and detained after a traffic accident. ECF No. 11 at ¶ 20. After she was released from police custody, she was remanded to ICE's

---

[2] During the December 10, 2025 hearing, the respondents clarified that USCIS denied the petitioner's adjustment of status application. *See* USCIS Decl., Resp'ts' Ex. B, ECF No. 22-2. But the petitioner's motion to reopen remains pending. *Id.*

custody on April 20, 2025, and remains in the Henderson detention center. *Id.* at ¶¶ 20, 52. Once she was notified that DHS intended to issue a new Notice to Appear because she was removable for overstaying her U nonimmigrant status, she filed for bond and a hearing was set on May 9, 2025. *Id.* at ¶¶ 53–54. On May 8, 2025, DHS filed Form I-871 with the Immigration Court, indicating that it was pursuing a reinstatement of the prior removal order rather than a new Notice to Appear. *Id.* at ¶ 54. On May 9, 2025, the immigration judge denied the request for bond redetermination—finding that she did not have jurisdiction to issue a bond if a reinstatement notice had been issued to the petitioner. *Id.* Petitioner remains in custody. *Id.* at ¶ 55.

In the amended petition, Rodriguez Fuentes brings the following claims for relief: (1) violation of the fifth amendment rights to due process, and (2) violation of 8 U.S.C. § 1101(a)(15)(U) and implementing regulations. *See* ECF No. 11.

## II. Legal Standard

### A. Motion for extension of time

Federal Rule of Civil Procedure 6(b)(1)(B) states that a court "may, for good cause, extend the time . . . on a motion made after the time has expired if the party failed to act because of excusable neglect." Excusable neglect is an "elastic concept" that is determined by considering, inter alia: "the danger of prejudice to the [party not under scrutiny], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

### B. Writ of habeas corpus

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be

3

granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### III. Discussion

#### A. The respondents' motion for extension of time is denied.

The respondents filed a motion for extension of time on December 29, 2025. *See* Mot., ECF No. 27.[3] In support of their request, they assert that the AUSA handling the matter is "currently out of the country and has been working diligently to obtain necessary information to complete the supplemental briefing" *Id.* at 2. They further explain that the deadline was December 29, 2025, instead of December 24, 2025, as ordered during the hearing, because the 24th was a "federal holiday." *Id.* at 1. But the respondents fail to discuss the factors necessary for this court to consider whether their neglect of the deadline is excusable. *See Rosengren v. SF Mkts., LLC*, 2024 U.S. App. LEXIS 14758, *2 (9th Cir. June 18, 2024) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

The respondents' reasoning lacks good cause and excusable negligence. During the December 10, 2025 hearing, the court specifically asked counsel if the December 24, 2025 deadline would provide the respondents with sufficient time to file supplemental briefing. In response to the court's inquiry, counsel assured the court that the supplemental briefing would be filed by December 22, 2025. As a result, the court kept the December 24, 2025 deadline to allow additional time for counsel to file its supplemental briefing. The respondents now untimely request an extension—this is simply not excusable neglect; this is foreseeable miscalculation.

---

[3] The petitioner's deadline to respond is by January 12, 2026. But I find that no response is needed to enter my ruling.

Counsel has a responsibility to adhere to this court's deadlines and to timely communicate and seek leave if such adherence is not feasible. The respondents failed to do this—counsel knew he was leaving the country well before the deadline and had ample time to file a motion to extend time prior to the December 24, 2025 deadline. Instead of requesting an extension, the respondents gambled with this deadline and lost. So, I deny the respondents' motion to extend time.

### B. The petitioner's amended petition is granted in part.

As a threshold matter, and as stated on the record, I find that I have jurisdiction over this action because Rodriguez Fuentes is not challenging her removal proceedings before this court. *See* ECF No. 11. Rather, she is challenging the respondents' mandatory detention and duration. *Id.*

The petitioner has met her burden in showing that her due process rights have been violated by remaining in prolonged detention while her petition challenging the validity of the removal order against her remains pending before the Ninth Circuit Court of Appeals, and her motion to reopen her adjustment of status application and terminate her underlying removal order remains pending. *See* Resp., ECF No. 24 at 5–6.

Authority delegated to the Attorney General, such as those related to immigration proceedings, is still subject to the requirements of due process. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. Indeed, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690. And the Supreme Court has repeatedly recognized "that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 425 (1979).

Rodriguez Fuentes asserts in her petition that she followed the legal requirements to obtain benefits under the U Visa program and was granted those benefits. ECF No. 11 at ¶ 59.

Specifically, she argues that the respondents have taken the position that neither her waiver of inadmissibility nor her subsequent admission as a nonimmigrant prevent them from later reinstating her previous order of removal, which violates her due process rights. *Id.* at ¶ 61.

In opposition, the respondents argue that the petitioner is lawfully detained under 8 U.S.C. § 1231(a). ECF No. 22 at 6.[4] The respondents argue that the petitioner is subject to a reinstated order of removal by virtue of her prior final order of removal by an immigration judge and her subsequent unlawful reentry into the United States. *Id.* They assert that if DHS "finds that an alien has reentered the United States illegally after having been removed . . . under an order of removal, the prior order of removal is reinstated from its original date." *Id.* at 7 (citing 8 U.S.C. § 1231 (a)(5)). So the respondents argue that the petitioner falls under the provisions of § 1231(a)(5)—applying to "aliens that have reentered the United States illegally after having been removed under an order of removal." *Id.* at 7. The respondents further argue that because the petitioner is subject to a reinstatement order of removal, she is also subject to mandatory detention provisions of § 1231. *Id.* at 8.

In considering the oral arguments raised during the December 10, 2025 hearing, I find that the petitioner's due process rights have been violated due to her prolonged detention.

The Supreme Court has explained that the provisions of § 1231(a) as follows:

> Once [a noncitizen] is ordered removed, DHS must physically remove him from the United States within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final," (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the [noncitizen] is released from non-immigration detention or confinement. § 1231(a)(2).

*Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021). Under § 1231, the removal period may be extended beyond 90 days for a variety of reasons. *Id.* at 528–29. Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem," the Supreme Court has

---

[4] Having received clarification through the petitioner's oral argument that she specifically is challenging the continuous detention, I only address this argument as it pertains to her due process claim.

"read an implicit limitation" into the statute and has held that a noncitizen may only be detained for "a period reasonably necessary" to effectuate their removal. *Zadvydas*, 533 U.S. at 682.

When a removable noncitizen is detained beyond this reasonable time and "removal is not reasonably foreseeable, the court should hold continued detention unreasonable." *Id.* at 699. In other words, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700.

Here, the petitioner's detention has surpassed the six-month period of presumptive reasonableness. She has been detained since approximately April 20, 2025. ECF No. 11 at ¶ 20. During oral argument, the respondents asserted that because the prior removal order can be reinstated, petitioner's detention is proper pending her Ninth Circuit petition. Further, the respondents argued that but for the pending appeal at the Ninth Circuit, she would have been removed. I find that it is not reasonably foreseeable when the petitioner would be removed, and to hold her in detention indefinitely is a violation of her due process rights. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) (explaining that when a court considers a due process claim, it may tailor relief to the specific problem that gives rise to the due process violation).

As time passes, the burden on the government increases accordingly. *See Sweid v. Cantu*, 2025 U.S. Dist. LEXIS 213969, at *10 (D. Ariz. Oct. 30, 2025). Having not received any additional supplemental briefing or evidence from the respondents, I find that the respondents have not supported their position as to why mandatory detention beyond six months is necessary. So Rodriguez Fuentes's amended petition is granted. The court orders that the petitioner be released while her petition at the Ninth Circuit is pending and her motion to reopen her adjustment of status application with USCIS is resolved. *See* Receipt of Form I-290B, Pet.'s Ex. A, ECF No. 24-1; Pet. for Review to Ninth Circuit, Ex. B, ECF No. 24-2.

Because I grant the relief under the § 2241 petition for the reasons set forth above, I do not address other claims and other requested relief in the petition.

### C. The petitioner's request for attorney's fees and costs is denied without prejudice.

The petitioner moves for costs and attorney's fees pursuant to the Equal Access to Justice Act (EAJA). *See* ECF No. 11 at 28, ¶ 7. The EAJA provides in part that:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

Here, the petitioner's requested fees and costs under the EAJA is premature because the court has not yet entered a final judgment. Thus, the request is denied without prejudice. The court will consider a motion seeking reasonable fees and costs under the EAJA filed within thirty days of the judgment.

## IV. Conclusion

IT IS HEREBY ORDERED that the respondents' motion to dismiss [ECF No. 22] and motion to extend time [ECF No. 27] are DENIED.

IT IS FURTHER ORDERED that the petitioner's amended petition for writ of habeas corpus [ECF No. 11] **is GRANTED in part**, as set forth in this order.

IT IS FURTHER ORDERED that the respondents **must immediately release Rodriguez Fuentes from custody**, and if applicable, subject to any prior order of supervision.

IT IS FURTHER ORDERED that the petitioner's request for attorney's fees is denied without prejudice.

IT IS FURTHER ORDERED that the respondents must file a status report no later than January 7, 2026, advising their status of compliance with this order. The status report must also include the parties' position regarding whether this matter should remain open or can be closed.

Dated: December 31, 2025

_____
Cristina D. Silva
United States District Judge